UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MINDY S. BAIZAR and JULIAN SANCHEZ, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> JEFFREY MOY and GWENDOLEN MEI, ) <br> ) <br> Defendants. ) | Civil Action No. |

## COMPLAINT AT LAW

Plaintiffs **MINDY S. BAIZAR** and **JULIAN SANCHEZ** complain of Defendants as follows:

### FEDERAL JURISDICTION & VENUE

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"). Federal Jurisdiction is herein based on 28 U.S.C. §§1331, 1367.

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(b), in that all events giving rise to this lawsuit occurred within the Northern District of Illinois.

### PARTIES

3. Plaintiff Mindy S. Baizar (Baizar) is a disabled resident of the State of Illinois. Born with spina bifida, Plaintiff Baizar is a non-ambulatory paraplegic who depends on her power wheelchair, a Pride Quantum Q6 Edge, for mobility outside of her home. At home, she crawls. Due to Plaintiff Baizar's wheelchair-dependent paraplegic status, she has a "disability" as that term is defined under 42 U.S.C. §12102 (1)(A) and in 42 U.S.C. §3602(h).

4. Plaintiff Julian Sanchez (Sanchez) is a disabled resident of the State of Illinois.

Having developed cerebral palsy at approximately 6 months old, Plaintiff Sanchez is minimally ambulatory and depends on his wheelchair for mobility outside of his home. Plaintiff Sanchez has a "disability" as that term is defined in 42 U.S.C. §12102 (1) (A) and in 42 U.S.C. 3602 §802(h). Plaintiffs Sanchez and Baizer are sometimes herein referred to in the collective as "Plaintiffs".

5. Defendant Jeffrey Moy (Moy) is a resident of the State of Illinois and is, and at all times relevant was, a co-owner of the real property with street address 3135 N Cicero Ave, Chicago, IL 60641. A restaurant, displaying the name "Chop Suey King" (Restaurant), is located on the first floor of the 3135 N. Cicero property. The Restaurant is located in proximity to Plaintiffs' residences — 0.6 miles from Plaintiff Baizar's residence and 1.9 miles from Plaintiff Sanchez's residence — and is the closest Chinese restaurant to their respective residences. Both Plaintiffs have patronized the Restaurant on multiple occasions.

6. Defendant Gwendolen Mei (Mei) is a resident of the State of Illinois and is, and at all times relevant was, a co-owner of the 3135 N. Cicero Ave, Chicago, IL 60641 property.

### COUNT I: PLAINTIFF BAIZAR'S CLAIM FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

7-12. Plaintiff Baizer re-alleges and incorporates the allegations set forth in paragraphs 1-6 above as paragraphs 7-12 of Count I.

13. On Tuesday, September 8, 2015, Plaintiff Baizar visited the Restaurant to purchase food. However, she was unable to enter, and could not enter, the Restaurant because a step at the entrance obstructed wheelchair access.

14. The Americans with Disabilities Act ("ADA") is landmark civil rights legislation that resulted from decades of advocacy to improve the lives and roles in society of all persons with disabilities. The ADA was enacted and became effective as of July 26, 1990. Accordingly, all public accommodations have had adequate time for compliance.

15. The Restaurant is a place of public accommodation that is open to the public and is accordingly subject to the requirements of the ADA. 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104.

16. Defendants Moy and Mei, as co-owners of the property are subject to the ADA pursuant to §12182(a); 28 C.F.R. 36.201(a).

17. Defendants Moy and Mei have discriminated against Plaintiff Baizar in violation of 42 U.S.C. §12182(a) by:

>  a. denying Plaintiff Baizar full and equal access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Restaurant;
>
>  b. failing to remove architectural barriers to the Restaurant as required by 42 U.S.C., where such removal is readily achievable;
>
>  c. failing to provide an alternative, readily achievable method of access to the Restaurant.

18. As a result of Defendants' foregoing violations of the ADA, Plaintiff Baizar has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the Restaurant.

19. Plaintiff Baizar desires to patronize the Restaurant in the future but will be unable to do so unless and until the Defendants provide her with a means of ingress and egress and otherwise comply with the ADA.

**WHEREFORE**, Plaintiff, MINDY S. BAIZAR, respectfully prays:

>  a. For an order of Court requiring Defendants Moy and Mei to make the Restaurant's entrance accessible to, and usable by, individuals with disabilities to the full extent required by Title III of the ADA;

    b.  Reasonable attorney's fees, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit;

    c.  The Court award such other and further relief as it deems necessary, just and proper.

## COUNT II: PLAINTIFF BAIZAR'S CLAIM
## FOR VIOLATIONS OF THE ILLINOIS HUMAN RIGHTS ACT

20-32. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-13 of Count I as paragraphs 20-32 of Count II.

33. The Illinois Human Rights Act (ILHRA) provides that all individuals within the State of Illinois shall be free from discrimination based upon "physical or mental disabilities". 775 ILCS §5/1-102(A).

34. Plaintiff Baizar suffers from a physical disability in that she has a "determinable physical or mental characteristic of a person including a characteristic…which may result from disease, injury, or congenital condition of birth or a functional disorder". 775 ILCS §5/1-103(I).

35. The Restaurant located within the property owned by Defendants Moy and Mei is a place of public accommodation pursuant to 775 ILCS §5/5-101(A)(2).

36. Defendants Moy and Mei deprived Plaintiff Baizar of the of the enjoyment of facilities, goods, and services in a place of accommodation in violation §775 ILCS §5/5-102(A) and, as a proximate result thereof, Plaintiff Baizer suffered actual damages.

**WHEREFORE,** Plaintiff MINDY S. BAIZAR, pursuant to 775 ILCS §5/10-102(C)(1),(2), respectfully prays actual and punitive damages, and other relief as the court deems appropriate, any permanent or preliminary injunction, temporary restraining order, or other order, including an order enjoining the Defendants from engaging in such civil rights violation or ordering such affirmative action as may be appropriate as well as reasonable attorney fees.

## COUNT III: PLAINTIFF SANCHEZ'S CLAIM FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

37-42. Plaintiff Sanchez re-alleges and incorporates the allegations set forth in paragraphs 1-6 as paragraphs 37-42 of Count III.

43. On Tuesday, September 8, 2015, Plaintiff Sanchez, along with Plaintiff Baizar, his long-time friend and associate, visited the Restaurant to purchase food and then consume that food as they had done on multiple occasions in the past.

44. Upon arrival at the Restaurant, Plaintiff Sanchez, because the Restaurant's entrance could not accommodate his wheelchair, entered the Restaurant using any available structures for support and balance while Plaintiff Baizar, who could not enter the restaurant at all, remained outside. Plaintiff Sanchez then ordered and paid for food, and exited the Restaurant.

45. The Restaurant is a place of public accommodation that is open to the general public and is accordingly subject to the requirements of the ADA. 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104.

46. Defendants Moy and Mei, as co-owners of the property where the Restaurant is located, are subject to the ADA pursuant to 42 U.S.C. §12182(a); 28 C.F.R. § 36.201(a).

47. Defendants Moy and Mei have discriminated against Plaintiff Sanchez in violation of 42 U.S.C. §12182, §12182(b)(2)(a)(iv) by:

    a. denying Plaintiff Sanchez full and equal access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Restaurant;

    b. failing to remove architectural barriers to the Restaurant as required by 42 U.S.C., where such removal is readily achievable;

    c. failing to provide an alternative, readily achievable method of access to the

Restaurant.

48. Defendants Moy and Mei have further discriminated against Plaintiff Sanchez in violation of 42 U.S.C. §12182(b)(1)(E); 28 CFR Ch. I (7–1–10 Edition), Sub Part A §36.205, by excluding – or otherwise denying – equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association.

49. As a result of Defendants' foregoing violations of the ADA and its applicable regulations, Plaintiff Sanchez has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the Restaurant.

**WHEREFORE**, Plaintiff, JULIAN SANCHEZ, respectfully prays:

a. For an order or Court requiring Defendants Moy and Mei to make the Restaurant's entrance accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

b. Reasonable attorney's fees, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit;

c. The Court award such other and further relief as it deems necessary, just and proper.

### COUNT IV: PLAINTIFF SANCHEZ'S CLAIM FOR VIOLATIONS OF ILLINOIS HUMAN RIGHTS ACT

50-62. Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 37-49 of Count III above as paragraphs 50-62 of Count IV.

63. The Illinois Human Rights Act (ILHRA) provides that all individuals within the State of Illinois shall be free from discrimination based upon "physical or mental disabilities". 775 ILCS §5/1-102(A).

64. Plaintiff Sanchez suffers from a physical disability in that he has a "determinable physical or mental characteristic of a person…including a characteristic which may result from disease, injury, or congenital condition of birth or a functional disorder". 775 ILCS §5/1-103(I).

65. The Restaurant located within the property owned by Defendants Moy and Mei is a place of public accommodation pursuant to 775 ILCS §5/5-101(A)(2).

66. Defendants Moy and Mei deprived Plaintiff Sanchez of the enjoyment of facilities, goods, and services in a place of accommodation in violation 775 ILCS §5/5-102(A) and, as a proximate result thereof, Plaintiff Sanchez suffered actual damages.

**WHEREFORE**, Plaintiff JULIAN SANCHEZ, pursuant to 775 ILCS §5/10-102(C),(1)(2), respectfully prays actual and punitive damages, and other relief as the court deems appropriate, any permanent or preliminary injunction, temporary restraining order, or other order, including an order enjoining the Defendants from engaging in such civil rights violation or ordering such affirmative action as may be appropriate as well as reasonable attorney fees.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Respectfully Submitted,

/s/ Matthew T. Malinowski
Matthew T. Malinowski

Law Offices of Robert Orman
One North LaSalle Street, Suite 1775
Chicago, IL 60602
(312) 372-0515, Ext. 18
Email: matt@mattmalinowski.com

7