# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MINDY S. BAIZAR, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 15 C 8292 |
| | ) |
| JEFFREY MOY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, the motion to dismiss is granted in part and denied in part, and the instant action is dismissed with leave to reinstate.

## BACKGROUND

Plaintiff Mindy S. Baizer (Baizer) was allegedly born with spina bifida and is a non-ambulatory paraplegic who depends on her power wheelchair for mobility. Plaintiff Julian Sanchez (Sanchez) allegedly developed cerebral palsy at approximately six months old, is minimally ambulatory, and now depends on his wheelchair for mobility. Defendant Jeffrey Moy and Defendant Gwendolen Mei are allegedly co-owners of the Chop Suey King restaurant (Restaurant) located at 3135

1

N. Cicero Avenue in Chicago, Illinois. Baizer contends that on September 8, 2015, she visited the Restaurant with Sanchez to purchase food, but Baizer was unable to enter the Restaurant because a step at the entrance obstructed wheelchair access. Sanchez contends that he was also unable to enter the Restaurant on his wheelchair and was only able to enter into the Restaurant by holding onto nearby available structures. Plaintiffs include in their complaint a claim brought by Baizer alleging violations of Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.* (Count I), a claim brought by Baizer alleging violations of the Illinois Human Rights Act (IHRA), 775 ILCS 5/1-101 *et seq.* (Count II), a claim brought by Sanchez alleging violations of Title III of the ADA (Count III), and a claim brought by Sanchez alleging violations of the IHRA (Count IV). Defendants now move to dismiss all claims.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) (Rule 12(b)(6)), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 622 (7th Cir. 2012); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a

'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)); *see also Morgan Stanley Dean Witter, Inc.*, 673 F.3d at 622 (stating that "[t]o survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," and that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged")(quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009))(internal quotations omitted).

## DISCUSSION

I. ADA Claims (Counts I and III)

Defendants argue that the ADA claims should be dismissed because Plaintiffs did not give notice of the claims to the Illinois Department of Human Rights. Defendants argue that the notice requirement in 42 U.S.C. § 2000a-3(c) (Section 2000a-3(c)) of Title VII of the Civil Rights Act of 1964 should be incorporated into the ADA. Section 2000a-3(c) provides that a plaintiff must provide notice to "the appropriate State or local authority" thirty days before pursuing a claim. *Id.* Defendants have not shown that the ADA contains such a notice provision and have not cited any controlling precedent that incorporates the Section 2000a-3(c) notice

3

provision into the ADA. This court declines to read new provisions into the ADA that were not specifically provided by Congress in enacting the ADA. Plaintiffs thus were not required to provide any prior notice to state or local authorities before pursuing their ADA claims in this action. Therefore, the motion to dismiss the ADA claims is denied.

II. IHRA Claims (Counts II and IV)

Defendants argue that the IHRA claims should be dismissed because Plaintiffs did not exhaust their administrative remedies. A plaintiff must comply with the IHRA's exhaustion requirement and pursue administrative remedies before bringing an IHRA claim in a civil action. 775 ILCS 5/7A-102; 775 ILCS 5/8-11; *Aberman v. Bd. of Educ. of City of Chicago*, 2014 WL 4912139, at *3 (N.D. Ill. 2014) (explaining that the plaintiff had to exhaust administrative remedies for her IHRA claim). Plaintiffs acknowledge that they have failed to exhaust their administrative remedies and request that the IHRA claims be dismissed without prejudice. (Resp. 3). Although Defendants argue in their motion that the dismissal should be with prejudice, Defendants concede in their reply that the dismissal should be without prejudice. (Mot. 7); (Reply 3); *see Teal v. Potter*, 559 F.3d 687, 693 (7th Cir. 2009)(indicating that a dismissal without prejudice is appropriate where a plaintiff has failed to exhaust administrative remedies). Therefore, Defendants' motion to dismiss the IHRA claims is granted in part, and the IHRA claims are dismissed without prejudice.

**CONCLUSION**

Based on the foregoing analysis, Defendants' motion to dismiss the ADA claims is denied, and Defendants' motion to dismiss the IHRA claims is granted in part and such claims are dismissed without prejudice.  In addition, since the case can be most efficiently adjudicated addressing at the same time the ADA claims and IHRA claims, in the event that the IHRA claims are denied, the instant action is dismissed with leave to reinstate within one year in order to provide Plaintiffs an opportunity to exhaust their administrative remedies on their IHRA claims.  In the event that the IHRA claims exhaustion process takes longer than one year, Plaintiffs may seek an extension to reinstate and the court will grant the necessary extension.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated:   February 29, 2016